IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 27, 2000

# RONALD McKINNEY v. STATE OF TENNESSEE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-943-II     Carol L. McCoy, Chancellor**

---

**No. M1999-02428-COA-R3-CV - Filed July 26, 2001**

---

An inmate of the Tennessee Department of Correction sought a declaratory judgment that the Department had incorrectly calculated his sentence. The trial court dismissed the petition, finding no improper calculation. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Ronald McKinney, Pro Se, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Rae Oliver, Assistant Attorney General, for the appellees, State of Tennessee, et. al.

## OPINION

Ronald McKinney is an inmate of the Tennessee Department of Correction. In December 1980, he was convicted of three counts of robbery with a deadly weapon, a crime classified as a Class X felony,[1] and sentenced to thirty-five years[2] in the penitentiary.

Mr. McKinney filed a declaratory judgment action in the Chancery Court for Davidson County, challenging the Department's calculation of his sentence. Specifically, he contended that he had been wrongfully classified as a Class X felon. He alleged that his trial was not held within 150 days of his arraignment, as prescribed by Tenn. Code Ann. § 40-18-103, and that his judgment

---

[1] Tenn. Code Ann. § 39-1-702(5) [repealed].

[2] The exhibits filed with Mr. McKinney's petition indicate that he was sentenced to thirty-five years for each count, but the three sentences appear to run concurrently.

was not properly stamped to denote the Class X status, as dictated by Tenn. Code Ann. § 40-28-301 [repealed]. Mr. McKinney claims, in essence, that because these statutory procedural requirements were not met, he cannot be punished as a Class X felon, and that the Department of Correction has improperly "enhanced" his sentence to that of a Class X felon.

The trial court dismissed the petition, denying Mr. McKinney the relief he sought stating, in pertinent part:

> In *State v. Wilcoxson*, 772 S.W.2d 33 (Tenn. 1989), the Supreme Court stated that the Class X felony law was enacted, "not to benefit a defendant, but to identify and define specific offenses against society for which enhanced penalties and expedited proceedings were prescribed so as to assure swift and certain punishment for their violation." Just as a failure to comply with the 150 day requirement stated in subsection (a) of T.C.A. § 40-18-103 does not require the state to release a defendant from custody or to dismiss the charges against him, such failure does not require that a defendant receive an unenhanced sentence.

For this issue, the trial court also relied upon *Franklin v. State*, 1984 LEXIS 2549 ( Tenn. Crim. App. August 6, 1984). In *Franklin*, the inmate asserted that because he was not brought to trial within 150 days of his arraignment, his offense should not be considered a Class X felony. Mr. McKinney makes essentially the same argument. The Court of Criminal Appeals, in *Franklin*, held that the state's failure to bring a Class X felon to trial within 150 days following his arraignment did not "warrant or authorize the removal of a defendant's Class X status just because the time requirement of the statute was not complied with, regardless of the reason for noncompliance." *Id*. Tenn. Code Ann. § 40-18-103, the statute which provided the 150 day directive, also specifically stated that failure to conform to that requirement did not require the state to release a defendant from custody or to dismiss the charges against him. Based upon *Franklin*, the trial court determined that such a failure similarly does not require that a defendant be sentenced other than as a Class X felon. We agree with the trial court's holding and analysis; the 150 day requirement in Tenn. Code Ann. § 40-18-103 is not mandatory, but is directory only. *Id*. It does not affect Mr. McKinney's conviction as a Class X felon or the consequences of such conviction. We affirm the trial court on this issue.

Mr. McKinney's second claim rests on Tenn. Code Ann. § 40-28-301(b) [repealed] which provided that any person convicted of a Class X felony was to have all his official files stamped to signify that status. Mr. McKinney alleges that the sentencing court failed to so stamp his judgment and that by this failure the sentencing court indicated that Mr. McKinney "was not receiving an enhanced sentence based on the state's failure to meet the time requirement mandated by law." Again, Mr. McKinney is essentially asserting that he was not sentenced as a Class X felon. Such is simply not the case.

The Class X Felonies Act carried specific consequences for persons "convicted of a Class X felony." 1979 Tenn. Pub. Acts, ch. 318. The service of sentence and release eligibility of persons

convicted of a Class X felony were exclusively governed by the Act. *Id*. at § 20. Mr. McKinney was convicted of offenses which at the time required sentencing under the Class X Felonies Act. *Id*. at § 26. The fact that his file may not have been marked with an X does not change his conviction, his sentence, or the trial court's judgment. Having been convicted of Class X felonies, Mr. McKinney was subject to the "enhancements" to his sentence required by law.[3] We share the trial court's conclusion on this issue.

We affirm the trial court's dismissal of the petition for declaratory judgment. Costs of this appeal are taxed to the appellant, Ronald McKinney.

_____
PATRICIA J. COTTRELL, JUDGE

---

[3] The Class X Felonies Act was repealed in 1989 by the Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-101 *et seq*. Prior to July 1, 1983, those convicted of Class X felonies were not entitled to sentence reduction for good, honor, incentive, or other sentence reduction credits. In 1983, the General Assembly adopted Public Chapter 400, which made a person convicted of a Class X felony eligible to receive prisoner performance credits to reduce the expiration date of his or her sentence, but such credits did not affect the release classification eligibility date. Tenn. Code Ann. § 40-28-301(I) [repealed]. In 1985, new legislation was adopted which allowed inmates convicted of Class X felonies to become eligible to earn sentence reduction credits by signing a written waiver of the right to serve the sentence under the law in effect at the time of the offense. Tenn. Code Ann. § 41-21-236(c)(1990).